LODGED
CLERK, U.S. DISTRICT COURT
9/18/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___P___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
September 18, 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VM___ DEPUTY

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
PUNEET V. KAKKAR (Cal. Bar No. 259816)
Assistant United States Attorney
Deputy Chief, International Narcotics,
 Money Laundering & Racketeering Section
KEITH D. ELLISON (Cal. Bar No. 307070)
Assistant United States Attorney
International Narcotics, Money
 Laundering & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: 213-894-5728/6920
     Facsimile: 213-894-0142
     E-mail: puneet.kakkar@usdoj.gov
             keith.ellison2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20- MJ4486-Duty |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER SEALING COMPLAINT AND RELATED DOCUMENTS; DECLARATION OF PUNEET V. KAKKAR |
| v. | |
| ANDRES BERMUDEZ | |
| Defendant. | **(UNDER SEAL)** |

The government hereby applies <u>ex parte</u> for an order that the complaint and any related documents in the above-titled case (except the arrest warrant for the charged defendant) be kept under seal until the government files a "Report Commencing Criminal Action" in this matter.

//

//

//

This *ex parte* application is made pursuant to the attached memorandum of points and authorities, the attached declaration of Puneet V. Kakkar, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 17, 2020        Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

      /s/ Puneet V. Kakkar
PUNEET V. KAKKAR
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government requests that this Court seal the complaint, supporting affidavit, and related documents, as well as this <u>ex parte</u> application and all supporting documents, to maintain the integrity of its investigation.  Approval from this Court to seal these documents is required under Local Rule 79-5.1.

In a similar context, the Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants.  <u>In re Sealed Affidavit (Agosto)</u>, 600 F.2d 1256 (9th Cir. 1979) (per curiam) (holding that even aside from Federal Rule of Criminal Procedure 41 "courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); <u>see also</u> <u>Offices of Lakeside Non-Ferrous Metals, Inc.</u>, 679 F.2d 778, 779-80 (9th Cir. 1982) (citing <u>Agosto</u>).

Similarly, the Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41.  <u>In re EyeCare Physicians of America</u>, 100 F.3d 514 (7th Cir. 1996).  In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued.  If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there had been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

<u>Id.</u> at 517.  <u>Accord</u> <u>In re Grand Jury Proceedings</u>, 115 F.3d 1240, 1247 (5th Cir. 1997).

1

    Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation.  Specifically, defendant is unaware that he is the target of a federal investigation and could flee if made aware of the complaint authorizing his arrest.

    Accordingly, the government requests that the documents described in the attached declaration be kept under seal until the government files a "Report Commencing Criminal Action" in this matter, that is, when defendant is arrested and taken into custody.

**DECLARATION OF PUNEET V. KAKKAR**

I, PUNEET V. KAKKAR, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the prosecution of <u>United States v. Andres Bermudez</u>, the complaint for which is being presented to a Magistrate Judge on September 17, 2020.

2. The defendant charged in the above-captioned complaint has not been taken into custody and has not been informed that he is being named in a federal charging document. The likelihood of apprehending defendant might be jeopardized if the complaint and supporting affidavit in this case were made publicly available before defendant is taken into custody. Additionally, the affidavit in support of the complaint also involves federal search warrants that have not been executed.

3. Accordingly, the government requests that the complaint and sealed documents in this case (except the arrest warrants) be sealed and remain so until the defendant is taken into custody and the government files a "Report Commencing Criminal Action" in this matter.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Cerritos, California, on September 17, 2020

/s/ Puneet V. Kakkar
PUNEET V. KAKKAR