TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KEITH D. ELLISON (Cal. Bar No. 307070)
Assistant United States Attorney
International Narcotics, Money
 Laundering & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: 213-894-6920
     Facsimile: 213-894-0142
     E-mail: keith.ellison2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-421-AB |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT |
| v. | |
| ANDRES MATIAS BERMUDEZ, | **CURRENT TRIAL DATE:   11-02-2021** |
| Defendant. | **PROPOSED TRIAL DATE:  03-01-2022** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Keith D. Ellison, and defendant Andres Matias Bermudez ("defendant"), both individually and by and through his counsel of record, Douglas A. Axel, hereby stipulate as follows:

1.   The Information in this case was filed on September 10, 2021.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 16,

2021. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before November 19, 2021.

  2. On September 16, 2021, the Court set a trial date of November 2, 2021.

  3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

  4. By this stipulation, defendant moves to continue the trial date to March 1, 2022. This is the first request for a continuance.

  5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (Distribution of, and Possession with Intent to Distribute, Methamphetamine). The government has produced discovery to the defense, including more than 1,000 pages of written reports, photographs, and other documents, as well as audio and video recordings.

    b. Counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel further represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   c. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

 6. Defendant also requests the continuance based upon the following facts related to the COVID-19 pandemic, which the parties also believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. In March 2020, the Central District of California suspended jury trials and adopted many other restrictions to reduce exposure to the COVID-19 virus and slow its spread. The measures were necessary to protect health and safety.

   b. Jury trials have resumed, but there is a substantial backlog of cases that were continued to protect the public during the pandemic. Moreover, in order to safeguard public health, the Central District has implemented limits on the number of jury trials that may be commenced each week and has promulgated guidance on safety protocols for conducting trials during the pandemic.

   c. Based on continued public health concerns and limitations on the number of jury trials adopted to maintain social distancing and protect all trial participants, a continuance of the trial date in this matter will serve the ends of justice and outweigh the interests of the public and defendant in a speedy trial. The parties stipulate to that fact, and it is consistent with the Central District's findings and orders. The parties further stipulate that under the extraordinary circumstances of the COVID-19 pandemic, the requested continuance is not based on general congestion of the Court's calendar, lack of diligent preparation by counsel, or any failure on the part of the government to obtain

available witnesses.  The government does not object to the request for a continuance.

        d.   Failure to grant the requested continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a complete and continuously serving jury, which is central to the sound administration of justice.  Failure to grant a continuance would also likely put parties, witnesses, jurors, venirepersons, counsel, and Court personnel at risk.

    7.   Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of November 2, 2021, to March 1, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's findings that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

    8.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of

the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED

Dated: October 8, 2021                    Respectfully submitted,

                                                    TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

        /s/
_____
KEITH D. ELLISON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1    I am Andres Matias Bermudez's attorney.  I have carefully
2 discussed every part of this stipulation and the continuance of the
3 trial date with my client.  I have fully informed my client of his
4 Speedy Trial rights.  To my knowledge, my client understands those
5 rights and agrees to waive them.  I believe that my client's
6 decision to give up the right to be brought to trial earlier than
7 March 1, 2022, is informed and voluntary.

_____       10/9/21
DOUGLAS A. AXEL                          Date
Attorney for Defendant
ANDRES MATIAS BERMUDEZ

   I have read this stipulation and have carefully discussed it
with my attorney.  I understand my Speedy Trial rights.  I
voluntarily agree to the continuance of the trial date, and give up
my right to be brought to trial earlier than March 1, 2022.

_____       10/9/21
ANDRES MATIAS BERMUDEZ                   Date
Defendant

6