1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   KEITH D. ELLISON (Cal. Bar No. 307070)
4  Assistant United States Attorney
   International Narcotics, Money
5   Laundering, & Racketeering Section
        1400 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-6920
        Facsimile: (213) 894-0141
8       E-mail:    keith.ellison2@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-421-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ANDRES MATIAS BERMUDEZ |
| v. | |
| ANDRES MATIAS BERMUDEZ, | Hearing Date: June 3, 2022 |
| Defendant. | Hearing Time: 1:30 p.m.<br>Location:    Courtroom of the Hon.<br>             André Birotte Jr. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Keith D. Ellison, hereby files its sentencing position for defendant Andres Matias Bermudez.

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and such further evidence and argument as the Court may permit.

Dated: May 11, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

           /s/
KEITH D. ELLISON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Andres Matias Bermudez sold more than 30 pounds of methamphetamine to a member of a dark web drug trafficking organization for further sale to anonymous customers. He is now before the Court for sentencing having pleaded guilty to a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (Distribution of Methamphetamine).

The United States Probation and Pretrial Services Office ("USPO") has filed a Presentence Investigation Report (Dkt. 41 ("PSR")) concluding that defendant is a career offender and, therefore, the total offense level is 35, defendant falls within criminal history category VI, and the applicable Guidelines imprisonment range is 262 to 327 months.[1] (PSR ¶¶ 50, 66, 100.) The government does not object to the USPO's calculations of defendant's total offense level, criminal history category, or Guidelines range. The USPO also recommended a downward departure to account for defendant's 16-month state sentence for relevant conduct. (Dkt. 40 at 4.) The government joins in that recommendation. In light of the quantity of the methamphetamine sold, the mandatory-minimum term of imprisonment is 10 years. (PSR ¶ 85.)

Following his arrest, defendant timely accepted responsibility for his conduct and agreed to proceed in a manner that lessened the burden on the court system in the midst of the COVID-19 pandemic. Accordingly, the government recommends that the Court apply a two-

---

[1] But for the USPO's finding defendant to be a career offender, defendant's criminal history score would have been 10, falling within criminal history category V. (PSR ¶ 39.) The career offender designation did not impact his total offense level. (PSR ¶ 24.)

level downward variance based on the factors set forth in 18 U.S.C. § 3553(a), resulting in an adjusted offense level of 33 and an advisory guidelines range of 235 to 293 months' imprisonment. For the reasons set forth below, and in light of the sentencing factors set forth in 18 U.S.C. § 3553(a)(1)-(2), the government recommends that defendant be sentenced to a term of imprisonment of 219 months -- 16 months below the low end of the resulting Guidelines range, to be followed by a five-year term of supervised release, and that defendant be ordered to pay the mandatory special assessment of $100.

## II.   STATEMENT OF FACTS

Defendant sold at least 14,460 grams of methamphetamine to Mark Chavez on February 10, 2020. (PSR ¶ 6.) Leading up to the deal, defendant and Chavez discussed the deal in text messages and defendant sent Chavez a message with the address for the location where the deal would take place. (Id.) Law enforcement officers searched Chavez's residence the next morning and found approximately 16,619 grams of methamphetamine in Chavez's bedroom. (PSR ¶¶ 7, 8.)

On March 28, 2020, after law enforcement officers stopped defendant for a traffic violation, defendant told the officers that he had methamphetamine inside of his car. (PSR ¶ 10.) The officers later recovered 58 grams of methamphetamine hydrochloride. (Id.)

///

///

**III. SENTENCING GUIDELINES CALCULATIONS AND THE USPO'S RECOMMENDATIONS**

The USPO calculated defendant's Sentencing Guidelines Offense Level as follows:

| | | |
|---|---|---|
| Base Offense Level: | 38 | U.S.S.G. §§ 2D1.1(a)(5), (c)(1) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 35 | |

(PSR ¶¶ 15-27.) The USPO also determined that defendant falls within criminal history category VI because defendant is a career offender. (PSR ¶ 39.) With a total offense level of 35 and a criminal history category of VI, the applicable Guidelines imprisonment range is 292 to 365 months. (PSR ¶ 86.)

Defendant was sentenced to 16 months' jail on May 20, 2021, for possessing methamphetamine for sale in April 2020. (PSR ¶ 37.) Because that conduct was "part of the same course of conduct or [of a] common scheme or plan as the offense of conviction," the USPO determined it to be relevant conduct pursuant to U.S.S.G. §§ 1B1.3(a)(1) and (a)(2), 3D1.2(d). (PSR ¶ 16.) The USPO further identified that sentence as a possible basis for a departure pursuant to U.S.S.G. § 5K2.23. (PSR ¶ 100.) In its disclosed recommendation letter, the USPO recommended that defendant be sentenced to a term of 200 months' imprisonment, to be followed by a five-year term of supervised release, noting that defendant's prior conviction for relevant conduct as well as his simple, unsophisticated conduct warrant a below-Guidelines sentence. (Dkt. 40 at 1, 4.)

///
///

**IV.   THE GOVERNMENT'S SENTENCING RECOMMENDATION**

    **A.   The Government Recommends a Two-Level Downward Variance**

The government recommends that the Court apply a two-level downward variance based on the factors set forth in 18 U.S.C. § 3553(a) in recognition of defendant's early acceptance of responsibility and willingness to proceed in a manner that lessened the burden on the court system in the midst of a global pandemic. Following his appearance on this case, defendant agreed to proceed by way of an information, timely entered into a plea agreement with the government, and pleaded guilty via video teleconferencing. Given the challenges presented at the time of defendant's arrest, his conduct is deserving of a two-level downward variance.

    **B.   A Sentence of 219 Months' Imprisonment is Reasonable and Appropriate to Accomplish the Purposes of Sentencing**

The distribution of large quantities of methamphetamine is a serious offense that threatens the safety of the individuals involved as well as the public, contributing to crime, overdoses, and associated social consequences. In this case, the methamphetamine that defendant sold was intended for further sale to anonymous customers who purchased methamphetamine on the dark web, likely without regard for the age or status of the recipients. Accordingly, the nature and circumstances of the offense warrant a significant sentence. And defendant's history and characteristics -- namely, his history of domestic violence and disrespect for the law -- similarly warrant a considerable sentence.

For these same reasons, a substantial sentence is needed to (1) reflect the seriousness of the offense and promote respect for the law, (2) protect the community, and (3) deter future criminal

4

1 conduct from both defendant and others, without being greater
2 punishment than necessary.  By sentencing him to a term of
3 imprisonment, the Court will impress upon defendant the seriousness
4 of his crime and give him the time necessary to reconsider his
5 actions in light of their substantial consequences.
6     Moreover, 18 U.S.C. § 3553(a)(6) requires the Court to minimize
7 sentencing disparities among similarly-situated defendants.  One way
8 for the Court to do so is to correctly calculate and carefully review
9 the applicable Guidelines range.  See Gall v. United States, 552 U.S.
10 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly
11 considered by the Sentencing Commission when setting the Guidelines
12 ranges.").  Thus, pursuant to Section 3553(a)(6), by correctly
13 calculating and carefully reviewing the Guidelines range, the Court
14 will avoid an unwarranted disparity with similarly-situated
15 defendants "with similar records who have been found guilty of
16 similar conduct" as defendant.  A careful review of the correctly
17 calculated Guidelines range here supports a within-Guidelines
18 sentence (accounting for his relevant conduct).
19     Still, a sentence at the low end of the resulting Guidelines
20 range is appropriate in recognition of the mitigating factors present
21 in this case, most notably defendant's drug addiction and his
22 willingness to seek treatment.  As defendant acknowledged, "had it
23 not been for his addiction to drugs, he would not have engaged in the
24 conduct at issue."  (Dkt. 40 at 5.)  The government agrees that these
25 factors deserve mitigating consideration and believes they support a
26 sentence at the low end of the resulting Guidelines range.
27 ///
28 ///

**C.  A Five-Year Term of Supervised Release is Appropriate**

In addition to a low-end term of imprisonment, for the reasons stated above, the government recommends that the Court impose a five-year term of supervised release.  The imposition of a term of supervised release is appropriate in this case to effectively protect the public from any future crimes of defendant.  A five-year term of supervised release would also provide rehabilitative benefits to defendant and assist him following his term of incarceration.  And defendant's conviction mandates a term of supervised release of at least five years.  21 U.S.C. § 841(b)(1)(A).

**V.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of a 219-month term of imprisonment; followed by a five-year period of supervised release; and a mandatory special assessment of $100.