1          UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3     HONORABLE ANDRÉ BIROTTE JR., U.S. DISTRICT JUDGE

4

5   UNITED STATES OF AMERICA,      )
                                   )
6                 PLAINTIFF,       )
                                   )
7          vs.                     ) No. CR 21-0421-AB
                                   )
8   ANDRES MATIAS BERMUDEZ,        )
                                   )
9                 DEFENDANT.       )
    _____)
10

11

12

13          REPORTER'S TRANSCRIPT OF PROCEEDINGS

14              WEDNESDAY, FEBRUARY 23, 2022

15                    11:36 A.M.

16              LOS ANGELES, CALIFORNIA

17

18

19

20

21

22   _____

23          **CHIA MEI JUI, CSR 3287, CCRR, FCRR**
           FEDERAL OFFICIAL COURT REPORTER
24         350 WEST FIRST STREET, ROOM 4311
           LOS ANGELES, CALIFORNIA 90012
25              cmjui.csr@gmail.com

```
1    APPEARANCES OF COUNSEL:

2    FOR THE PLAINTIFF:

3            OFFICE OF THE UNITED STATES ATTORNEY
             BY: KEITH D. ELLISON
4            ASSISTANT U.S. ATTORNEY
             312 NORTH SPRING STREET
5            13TH FLOOR
             LOS ANGELES, CALIFORNIA 90012
6            (213) 894-2434

7
     FOR THE DEFENDANT:
8
             SIDLEY AUSTIN LLP
9            BY:  DIANA M. KWOK, ATTORNEY AT LAW
             555 WEST 5TH STREET
10           SUITE 4000
             LOS ANGELES, CALIFORNIA 90013
11           (213) 896-6178

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1          LOS ANGELES, CALIFORNIA; WEDNESDAY, FEBRUARY 23, 2022

 2                           11:36 A.M.

 3                            - - -

 4          THE CLERK:  Calling CR 21-421, United States of

 5   America versus Andres Matias Bermudez.

 6          Counsel, please state your appearances.

 7          MR. ELLISON:  Good morning, Your Honor.

 8          Keith Ellison for the United States.

 9          THE COURT:  Good morning.

10          MS. KWOK:  Good morning, Your Honor.

11          Diana Kwok from Sidley Austin appearing for Doug

12   Axle on behalf of Mr. Bermudez who is here present and in

13   custody.

14          THE COURT:  Good afternoon to you both.

15          Mr. Bermudez, I just want to confirm with you are

16   you okay with us proceeding via videoconferencing today

17   because of the pandemic we're all living through?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Okay.  Great.

20          So it's my understanding that Mr. Bermudez is here

21   today to enter a plea to an Information pursuant to Plea

22   Agreement that was filed in this case.

23          Is that correct, Ms. Kwok?

24          MS. KWOK:  That is correct, Your Honor.

25          THE COURT:  Okay.  So for the record, the Plea
```

1    Agreement will be incorporated and made part of this

2    proceeding.

3         Mr. Bermudez, I am sure your lawyer has told you

4    we're going to be here for maybe 30, 45 minutes, maybe a

5    little shorter just because, in order for me to accept your

6    plea today, I have to make sure that you are informed of all

7    your rights, you understand what's happening here today.

8         And so in doing that, I am going to ask you a

9    number of questions, inform you of some information.  So if

10   at any point you don't understand what I'm saying or have a

11   question about what I am saying, please let me know or let

12   your lawyer know, we'll stop the proceedings and try to

13   answer those questions.  All right, sir?

14        THE DEFENDANT:  All right.  Yes, sir.

15        THE COURT:  At this time I need you to raise your

16   right hand so we can administer the oath.

17        THE CLERK:  You do solemnly swear that you will

18   make true answers to such questions that the Court will ask

19   you regarding your change of plea, so help you God?

20        THE DEFENDANT:  Yes.

21        THE COURT:  Okay.  You can place your right hand

22   down.

23        Now, sir, you have been placed under oath.  So

24   what that means is, if you answer any of my questions

25   falsely, those answers can be later used in another

```
1    prosecution for perjury or for making a false statement.
2              Do you understand that?
3              THE DEFENDANT:  Yes, sir.
4              THE COURT:  Now, do you also understand that you
5    have the right to remain silent and not answer any of my
6    questions?
7              THE DEFENDANT:  Yes, sir.
8              THE COURT:  Do you give up the right to remain
9    silent in order to plead guilty today?
10             THE DEFENDANT:  Yes, sir.
11             THE COURT:  All right.
12             Ms. Kwok, do you join?
13             MS. KWOK:  I do.
14             THE COURT:  Mr. Bermudez, what is your true and
15   correct full name?
16             THE DEFENDANT:  Andres Matias Bermudez.
17             THE COURT:  How old are you, sir?
18             THE DEFENDANT:  Thirty-eight.
19             THE COURT:  How many years of school have you
20   completed?
21             THE DEFENDANT:  Eleven.
22             THE COURT:  Have you been treated recently for any
23   mental illness or addiction to narcotics of any kind?
24             THE DEFENDANT:  No.  Not recently.
25             THE COURT:  Are you under the influence of any
```

 1   drug, medication, or alcoholic beverage of any kind?

 2              THE DEFENDANT:  No.

 3              THE COURT:  Have you had any drugs, medication, or

 4   alcohol within the last three days?

 5              THE DEFENDANT:  No.

 6              THE COURT:  Do you suffer from any mental

 7   condition or disability that would prevent you from fully

 8   understanding the charges against you or the consequences to

 9   you of the guilty plea?

10              THE DEFENDANT:  No.

11              THE COURT:  Ms. Kwok, have you or Mr. Axle talked

12   to your client about these proceedings?

13              MS. KWOK:  Yes, we have, Your Honor.

14              THE COURT:  Do you have any reason to believe that

15   he should not go forward with this plea today?

16              MS. KWOK:  We do not, Your Honor.

17              THE COURT:  Do you believe that he is in

18   possession of his faculties and is competent to proceed?

19              MS. KWOK:  Yes.

20              THE COURT:  All right.  So based on the statements

21   of Mr. Bermudez and his counsel and my own observations, I

22   do find that Mr. Bermudez is in full possession of his

23   faculties and is competent to proceed.

24              Now, Mr. Bermudez, you are charged and pleading

25   guilty to Count 1 of the Information that charges you with

1    distribution of methamphetamine, in violation of Title 21

2    United States Code Section 841(a)(1), (b)(1)(A)(viii).  That

3    is a felony.

4          Do you understand the charge that you are pleading

5    guilty to?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  All right.  Now, you have a

8    constitutional right to be charged by an Indictment that's

9    returned by a grand jury.

10          Now, you can waive the right to an Indictment and

11    consent to being charged by an Information that's filed by

12    the U.S. Attorney.

13          In this case, an Information has been filed

14    instead of an Indictment.  Unless you waive Indictment, you

15    can't be charged with a felony unless a grand jury finds

16    that there is probable cause to believe that a crime has

17    been committed and that you committed it.

18          Now, if you do not waive Indictment, the

19    government may present the case to a grand jury and ask that

20    a grand jury will indict you.

21          Just so you know, a grand jury is comprised of at

22    least 16 people and not more than 23 persons, and at least

23    12 of those grand jurors have to find that there is probable

24    cause to believe that you committed a crime with -- which

25    you are charged with before you can be indicted.

1          Now, grand jury may or may not indict you.  But if

2     you waive Indictment by grand jury, the case will proceed as

3     if you had been indicted based on that information.

4          Have you talked with your lawyer about waiving

5     your right to an Indictment by grand jury in this case?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And do you understand that you have

8     the right to proceed by an Indictment?

9          THE DEFENDANT:  Yes.

10         THE COURT:  And has anyone made any promises,

11    representations, or guarantees of any kind in order to get

12    you to waive your right to an Indictment?

13         THE DEFENDANT:  No.

14         THE COURT:  Has anyone in any way attempted to

15    threaten you, family member or anyone close to you or

16    somehow force you to waive your right to an Indictment?

17         THE DEFENDANT:  No.

18         THE COURT:  And so, sir, do you wish to waive and

19    give up your right to Indictment by grand jury?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Okay.  Ms. Kwok, have you discussed --

22    or you or Mr. Axle discussed with Mr. Bermudez his right to

23    be charged by an Indictment?

24         MS. KWOK:  Yes, Your Honor.

25         THE COURT:  And do you know of any reason why he

CHIA MEI JUI, CSR 3287, CRR, FCRR
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1  should not waive Indictment?

2          MS. KWOK:  I do not.

3          THE COURT:  Are you satisfied that the waivers are

4  knowingly, voluntarily, and intelligently made?

5          MS. KWOK:  I am.

6          THE COURT:  Do you concur in the waiver?

7          MS. KWOK:  I do.

8          THE COURT:  Just for the record, I do have what

9  appears to be a signed Waiver of Indictment dated September

10  16, 2021.  That will be incorporated and made part of this

11  proceeding.

12          In the case of Andres Matias Bermudez, the Court

13  finds that he is fully competent and aware of the nature of

14  the right to require the government to proceed by way of

15  Indictment.  I find that the waiver is freely and

16  intelligently and voluntarily made, and I will accept the

17  waiver and order that it be filed.

18          Now, Mr. Bermudez, have you received a copy of the

19  Information?  That's the written piece of paper that spells

20  out the charges against you.

21          THE DEFENDANT:  Yes.

22          THE COURT:  You have the right to have me read the

23  Information from beginning to end here in court right now.

24  Do you want me to read it to you at this time?

25          THE DEFENDANT:  No.  That's fine.  I got it.

```
1              THE COURT:  Okay.  Great.

2              You have the following constitutional rights that

3   you will be giving up if you plead guilty.  You have the

4   right to plead not guilty and persist in that plea.  You

5   have the right to a speedy and public trial.

6              You have a right to a trial by jury, and at that

7   trial you are presumed innocent and the government would

8   have to prove your guilt beyond a reasonable doubt.

9              If you and the government agreed, you could have

10  the case tried by this Court.  In other words, I would hear

11  the evidence and I would decide if the government has proved

12  its case beyond a reasonable doubt.

13             You have the right to have the assistance of a

14  lawyer even if you didn't plead guilty.  And if you couldn't

15  afford a lawyer, one would be appointed for you free of

16  charge in the case.

17             At a trial you would have the right to see and

18  hear the witnesses testify against you and have your lawyer

19  question those witnesses.  You could have witnesses

20  subpoenaed or ordered to come testify on your behalf.

21             You could testify on your own behalf if you wish.

22  You also have what is known as the privilege against

23  self-incrimination which means that you have the absolute

24  right not to testify or incriminate yourself in any way.

25             And if you went to trial and decided not to
```

1    testify, it couldn't be used against you.  But by pleading

2    guilty, you are giving up that right and you are going to be

3    incriminating yourself.

4              Lastly, you have the right to appeal your

5    conviction and your sentence if you went to trial and were

6    convicted.

7              Have you and your lawyers talked about all of

8    those rights, sir?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Do you understand all of those rights,

11   Mr. Bermudez?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Do you have any questions of me about

14   any of those rights?

15             THE DEFENDANT:  No.

16             THE COURT:  So, sir, do you understand, then,

17   that, if I accept your plea today, you are going to be

18   giving up your right to a trial and all the other rights

19   that I just described?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Ms. Kwok, are you satisfied that each

22   of the waivers are knowingly, voluntarily, and intelligently

23   made?

24             MS. KWOK:  I am.

25             THE COURT:  Do you join and concur in the waivers?

```
 1              MS. KWOK:  I do, Your Honor.

 2              THE COURT:  Now, Mr. Bermudez, I think I mentioned

 3    this earlier, but just in case you are pleading guilty to

 4    Count 1 of the Information which is distribution of

 5    methamphetamine, in violation of Title 21 United States Code

 6    Section 841(a)(1), (b)(1)(A)(viii).  That's a felony.

 7              I want you to listen carefully because the

 8    government is going to state the elements of the offense as

 9    well as any maximum and/or mandatory minimum penalties that

10    apply.

11              Mr. Ellison.

12              MR. ELLISON:  Yes, Your Honor.

13              For defendant to be guilty of the crime charged

14    Count 1 of the Information, that is distribution of

15    methamphetamine, in violation of Title 21 United States Code

16    Section 841(a)(1), the following must be true:

17              One, defendant knowingly distributed

18    methamphetamine;

19              And two, defendant knew that it was

20    methamphetamine or some other federally controlled

21    substance.

22              For defendant to be subject to the statutory

23    maximum and statutory minimum sentences set forth in the

24    Plea Agreement, the government must prove beyond a

25    reasonable doubt that defendant distributed at least
```

```
 1    50 grams of actual methamphetamine.

 2            The statutory maximum sentence that the Court can

 3    impose for a violation of Title 21 United States Code

 4    Section 841(a), (b)(1)(A)(viii), is life imprisonment, a

 5    lifetime period of supervised release, a fine of $10,000,000

 6    or twice the gross gain or gross loss resulting from the

 7    offense, whichever is greatest, and a mandatory special

 8    assessment of $100.

 9            The statutory mandatory minimum sentence that the

10    Court must impose for a violation of Title 21

11    United States Code Sections 841(a), (b)(1)(A)(viii) is ten

12    years imprisonment followed by a five-year period of

13    supervised release and a mandatory special assessment of

14    $100.

15            THE COURT:  Okay.  Thank you, Mr. Ellison.

16            Mr. Bermudez, did you understand everything that

17    the prosecutor just said about the elements of the offense

18    as well as the maximum penalties and the mandatory minimum

19    penalty that applies?

20            THE DEFENDANT:  Yes.

21            THE COURT:  Did you discuss all of that with your

22    lawyers in this case?

23            THE DEFENDANT:  Yes.

24            THE COURT:  Do you understand, if this case went

25    to trial, the government would have to prove the amount of
```

```
 1   drugs involved in this case was at least 50 grams of

 2   methamphetamine?

 3           Do you understand that?

 4           THE DEFENDANT:  Yes.

 5           THE COURT:  You would have the right to have a

 6   jury determine whether that amount -- at least that amount

 7   was used in connection with your crime.

 8           Do you understand that, sir?

 9           THE DEFENDANT:  Yes, sir.

10           THE COURT:  Do you admit that the drug offense to

11   which you are pleading guilty involved at least the quantity

12   of drugs that was described by the prosecutor?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Now, sir, based on the charge, you are

15   not eligible for a probationary sentence.

16           Do you understand that, sir?

17           THE DEFENDANT:  What's probationary sentence?

18           THE COURT:  I am saying you are not eligible for

19   probation.

20           Do you understand that?

21           THE DEFENDANT:  Okay.  Yes.

22           THE COURT:  Okay.  Now, you may be subject to

23   what's called supervised release for a number of years when

24   you are released from prison.

25           Have you talked with your lawyers, and do you
```

1    understand the concept of supervised release, sir?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Okay.  And if you are sent to prison

4    and placed on supervised release, if you violate the terms

5    and conditions of your supervised release, I could send you

6    back to prison for all or part of the term of your

7    supervised release.

8              Do you understand that, sir?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  If that were to happen, it could mean

11   that you serve more prison time than your original sentence

12   in the case.

13             Do you understand that?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  If you are presently on parole,

16   probation, or supervised release in another case, your plea

17   of guilty today could be the basis for a violation of that

18   probation, parole, or supervised release, and you could be

19   sent to prison on that other case separate from this case.

20             Do you understand that, sir?

21             THE DEFENDANT:  Yes.

22             THE COURT:  If you are not a citizen, this

23   conviction could result in you being deported or being

24   removed from the United States, and it could result in the

25   denial of naturalization or citizenship, amnesty, residency

1  status, and admission to the U.S. in the future.

2         Do you understand that?

3         THE DEFENDANT:  Yes.

4         THE COURT:  Because this is a felony, it may also

5  deprive you of certain valuable civil rights such as the

6  right to vote, the right to hold public office, the right to

7  serve on a jury, and the right to possess a firearm of any

8  kind.

9         Do you understand that, sir?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Now, because this is a drug case, it

12  could affect your eligibility for any state programs funded

13  under the Social Security Act or the Federal Food Stamp Act,

14  and it could affect the benefits for not only you but any

15  family members that get those benefits.  It may be reduced

16  because of your conviction in this case.

17         Do you understand that, sir?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Have you understood everything that

20  we've talked about up to this point, sir?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Okay.  Great.

23         Now, you are going to be sentenced under what is

24  known as the Sentencing Reform Act of 1984.  The

25  United States Sentencing Commission which is an organization

1    out of Washington, D.C., they issue guidelines that judges

2    have to take into account and consult but are not

3    necessarily required to follow in determining the sentence

4    in a criminal case.

5              I have to look at the guidelines, look at what the

6    calculation of the guidelines are for your case, consider

7    that, the guidelines, as well as any aggravating or

8    mitigating circumstances in your case.

9              Have you talked to your lawyers about how the

10   guidelines might be applied in your case?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Okay.  Now, as you sit here today, I

13   can't tell you what the guideline calculation is exactly.

14   Your lawyers can't tell you exactly what the guideline

15   calculation is going to be until we get what is called a

16   presentence report from the probation office.

17             Do you understand that, sir?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Now, once that report gets prepared,

20   you and your lawyers are going to have a chance to look at

21   it, and you can file any objections that you may have to the

22   report.

23             The government will have that same opportunity.

24   And both sides will submit papers to the Court indicating

25   what you all think the right sentence should be in this

 1 | case, and, at the time of your sentencing, you will get to
 2 | speak to me directly.
 3 |         Do you understand that, sir?
 4 |         THE DEFENDANT:  Yes, sir.
 5 |         THE COURT:  Now, as it relates to the sentence,
 6 | again, as you sit here today, you don't know what it's going
 7 | to be, and when I impose a sentence, it could be higher or
 8 | lower than what your lawyers or the government recommend.
 9 |         Do you understand that, sir?
10 |         THE DEFENDANT:  Yes, sir.
11 |         THE COURT:  And the fact that you might be
12 | disappointed in your sentence, that alone would not be a
13 | reason for you to say, "Hey, wait a minute.  Time out.  I
14 | want to start all over because I don't like the sentence."
15 |         Do you understand that, sir?
16 |         THE DEFENDANT:  Yes, sir.
17 |         THE COURT:  Okay.  Mr. Bermudez, has anyone made
18 | any promises, representations, or guarantees of any kind in
19 | order to get you to plead guilty other than what's in this
20 | Plea Agreement?
21 |         THE DEFENDANT:  No.
22 |         THE COURT:  Has anyone told you that the Court
23 | would impose a specific sentence if you plead guilty today?
24 |         THE DEFENDANT:  No.
25 |         THE COURT:  Has anyone attempted in any way to

1    threaten you, a family member or anyone close to you in an

2    effort to get you to plead guilty today?

3              THE DEFENDANT:  No.

4              THE COURT:  I am looking at the Plea Agreement.

5    Mr. Bermudez, I am just curious.  Do you have the Plea

6    Agreement in front of you or no?

7              THE DEFENDANT:  No, I don't.

8              THE COURT:  All right.  So let me ask Ms. Kwok.

9    It appears that the Plea Agreement was signed by Mr. Axle on

10   December 3rd as well as Mr. Bermudez on December 3rd.

11             Were you present at all during -- at the time that

12   he signed the Plea Agreement?  Or are you aware of the

13   circumstances by which he signed the Plea Agreement?

14             MS. KWOK:  I am aware of the circumstances.  I was

15   not present, Your Honor.

16             THE COURT:  And to the extent that you can share

17   what -- did Mr. Axle meet with him at MDC and how did the --

18   how did you accomplish getting the signatures on the Plea

19   Agreement?

20             MS. KWOK:  I believe Mr. Axle did meet with

21   Mr. Bermudez at MDC.  As you will see, the signature on

22   page 14 of the Plea Agreement is dated in February of '22,

23   and that's when Mr. Axel went to go visit Mr. Bermudez a

24   second time to get that signature.

25             THE COURT:  Got it.

```
 1              Is that right, Mr. Bermudez?  Did your lawyer,

 2   Mr. Axle, meet with you at MDC, and did you go over the Plea

 3   Agreement before you signed it?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  Okay.  Great.  Thank you.

 6              My understanding in this Plea Agreement is there

 7   is a limited mutual waiver of appeal.

 8              Mr. Ellison, if you could outline that waiver.

 9              And, Mr. Bermudez, if you could please listen

10   carefully.

11              MR. ELLISON:  Yes, Your Honor.

12              Provided the Court imposes a term of imprisonment

13   within or below the range corresponding to an offense level

14   of 35 and criminal history category calculated by the Court

15   subject to any applicable mandatory minimum, defendant gives

16   up the right to appeal all of the following:

17              A, the procedures and calculations used to

18   determine and impose any portion of the sentence;

19              B, the term of imprisonment imposed by the Court;

20              C, the fine imposed by the Court provided it is

21   within the statutory maximum;

22              D, to the extent permitted by law, the

23   constitutionality or legality of defendant's sentence

24   provided it is within the statutory maximum;

25              E, the term of probation or supervised release
```

1    imposed by the Court provided it is within the statutory

2    maximum;

3            And F, any of the following conditions of

4    probation or supervised release imposed by the Court, the

5    conditions set forth in Second Amended General Order 20-04

6    of this Court, the drug testing conditions mandated by

7    Title 18 United States Code Sections 3563(a)(5) and 3583(d),

8    and the alcohol and drug use conditions authorized by

9    Title 18 United States Code Section 3563(b)(7).

10           In addition, the United States Attorneys Office

11   agrees that provided:  A, all portions of the sentence are

12   at or above the statutory minimum and at or below the

13   statutory maximum specified in the Plea Agreement; and B,

14   the Court imposes a term of imprisonment within or above the

15   range corresponding to an offense level of 35 and the

16   criminal history category calculated by the Court subject to

17   any applicable mandatory minimum, the United States

18   Attorneys Office gives up its right to appeal any portion of

19   the sentence.

20           The Plea Agreement also includes a waiver of

21   collateral attack.

22           Would the Court like me to describe that at this

23   point?

24           THE COURT:  Yes, please.

25           MR. ELLISON:  Defendant also gives up any right to

1     bring a post-conviction collateral attack on the conviction

2     or sentence except a post-conviction collateral attack based

3     on a claim of ineffective assistance of counsel, a claim of

4     newly discovered evidence, or an explicitly retroactive

5     change in the applicable sentencing guidelines, sentencing

6     statutes, or statutes of conviction.

7           This waiver includes but is not limited to

8     arguments that the statute to which defendant is pleading is

9     unconstitutional and any and all claims that the statement

10    of facts provided in the Plea Agreement is insufficient to

11    support defendant's plea of guilty.

12          THE COURT:  Thank you, Mr. Ellison.

13          Mr. Bermudez, I know that was a lot of information

14    that was read.  And it's all contained in the Plea

15    Agreement.

16          My question to you is did you understand

17    everything that the prosecutor just said?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  And did you go over all of that with

20    your lawyer before you signed the Plea Agreement?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  All right.  So based on that

23    representation, I will accept the plea.

24          Ms. Kwok, did you and Mr. Axle go over all of the

25    facts of the case and all of the discovery provided by the

1  government with Mr. Bermudez?

2          MS. KWOK:  It is my understanding that Mr. Axle

3  did, yes, Your Honor.

4          THE COURT:  Is it your understanding that Mr. Axle

5  pursued with him any potential defenses that he might have?

6          MS. KWOK:  Yes, Your Honor.

7          THE COURT:  And is it your understanding that

8  Mr. Axle advised Mr. Bermudez concerning the legality or

9  admissibility of any statements or confessions or other

10 evidence that the government has against Mr. Bermudez?

11         MS. KWOK:  Yes, Your Honor.

12         THE COURT:  To the best of your knowledge, is

13 Mr. Bermudez pleading guilty because of any illegally

14 obtained evidence in the possession of the government?

15         MS. KWOK:  He is not, Your Honor.

16         THE COURT:  And did you and Mr. Axle and

17 Mr. Bermudez agree it was in his best interests to enter

18 into this plea today?

19         MS. KWOK:  Yes, Your Honor.

20         THE COURT:  Do you believe that Mr. Bermudez is

21 entering this plea freely and voluntarily with a full

22 knowledge of the charges and the consequences to him of the

23 plea?

24         MS. KWOK:  I do.

25         THE COURT:  Have there been any promises,

1    representations, or guarantees made either to you or

2    Mr. Bermudez other than what's in the Plea Agreement?

3            MS. KWOK:  No, Your Honor.

4            THE COURT:  Other than what's in the Plea

5    Agreement, have you or Mr. Axle conveyed to Mr. Bermudez

6    that this Court would impose a specific sentence or specific

7    sentence range if he pled guilty today?

8            MS. KWOK:  We have not.

9            THE COURT:  And do you join in the waiver of jury

10   trial and concur in the plea, Ms. Kwok?

11           MS. KWOK:  I do, Your Honor.

12           THE COURT:  Mr. Ellison, other than what's been

13   stated and other than what's in the Plea Agreement, has the

14   government made any promises, representations, or guarantees

15   either to defense counsel or Mr. Bermudez?

16           MR. ELLISON:  No, Your Honor.

17           THE COURT:  Does the government waive jury trial?

18           MR. ELLISON:  It does, yes, Your Honor.

19           THE COURT:  Back to you, Mr. Bermudez.

20           Are you satisfied with the work that your lawyers

21   have done for you on the case?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Have you told your lawyers everything

24   that you know about your case?

25           THE DEFENDANT:  Yes, sir.

```
 1              THE COURT:  Have you had enough time to talk with
 2   your lawyers about the case?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  Do you believe that you understand the
 5   consequences to you of this plea?
 6              THE DEFENDANT:  Yes, I do.
 7              THE COURT:  Do you understand, sir, that, if I
 8   accept the plea today, all that will be left in the case is
 9   sentencing, which is going to include likely prison time?
10   Do you understand that?
11              THE DEFENDANT:  Yes, sir.
12              THE COURT:  Having in mind everything that we've
13   talked about this morning and into this afternoon regarding
14   the rights that you have, the rights you are giving up, the
15   maximum penalties, the mandatory minimum penalties, do you
16   still want to plead guilty?
17              THE DEFENDANT:  Yes, sir.
18              THE COURT:  Okay.  All right.  I am going to ask
19   you to listen carefully again because the prosecutor is
20   going to state the facts that it believes it could prove if
21   this case went to trial, and I am going to ask you some
22   questions about it.
23              Mr. Ellison.
24              MR. ELLISON:  On or about February 10th, 2020, in
25   Los Angeles County, within the Central District of
```

```
 1    California, defendant distributed at least 14,460 grams of

 2    actual methamphetamine to Mark Chavez.  Leading up to the

 3    deal, defendant and Chavez discussed the deal in text

 4    messages.  At around 9:37 P.M. defendant sent Chavez a

 5    message with the address for the location where the deal

 6    would take place.  Chavez then used a navigation app on his

 7    mobile phone to navigate to that location.

 8            Law enforcement officers searched Chavez's

 9    residence on February 11th, 2020, and found approximately

10    16,619 grams of actual methamphetamine in Chavez's bedroom.

11    Defendant admits that he sold at least 14,460 grams of that

12    methamphetamine to Chavez.

13            On March 28th, 2020, law enforcement officers

14    stopped defendant for a traffic violation in

15    Los Angeles County, within the Central District of

16    California.  Defendant told the officers that he had

17    methamphetamine inside of his car.  The officers later

18    recovered 58 grams of methamphetamine hydrochloride.

19            THE COURT:  All right.  Mr. Bermudez, did you

20    understand everything that the prosecutor just said?

21            THE DEFENDANT:  Yes, sir.

22            THE COURT:  Is everything that the prosecutor said

23    about you, your conduct and your intent, is that all true

24    and correct?

25            THE DEFENDANT:  Yes, sir.
```

```
 1                 THE COURT:  Are you pleading guilty because you
 2       did the things charged in the Information?
 3                 THE DEFENDANT:  Yes, sir.
 4                 THE COURT:  Are you --
 5                 THE DEFENDANT:  Am I what?
 6                 THE COURT:  Are you pleading guilty because you
 7       did what you are charged with in the Information?
 8                 THE DEFENDANT:  Yes, sir.
 9                 THE COURT:  Are you pleading guilty because you
10       are, in fact, guilty, sir?
11                 THE DEFENDANT:  Yes, sir.
12                 THE COURT:  Mr. Ellison, is the government
13       satisfied with the factual basis?
14                 MR. ELLISON:  Yes, Your Honor.
15                 THE COURT:  All right.  And do counsel agree that
16       the Court's complied with the requirements of Rule 11?
17                 Mr. Ellison?
18                 MR. ELLISON:  Yes, Your Honor.
19                 THE COURT:  Ms. Kwok?
20                 MS. KWOK:  Yes, Your Honor.
21                 THE COURT:  So, Mr. Bermudez, back to you.
22                 In case CR 21-421, how do you plead to the
23       Information in this case?
24                 THE DEFENDANT:  Guilty.
25                 THE COURT:  Okay.  All right, sir.
```

```
 1              MR. ELLISON:  Your Honor --

 2              THE COURT:  Yes.

 3              MR. ELLISON:  Just to clarify, he is only pleading

 4   guilty to Count 1 of the Information.

 5              THE COURT:  Did I say something else?  Oh, I said,

 6   "the Information."  I am sorry.  I stand corrected.  Thank

 7   you, Mr. Ellison.  Good to know you are paying attention.

 8              Mr. Bermudez, how do you plead to Count 1 of the

 9   Information?

10              THE DEFENDANT:  Guilty.

11              THE COURT:  Okay.  Thank you.

12              So I am going to -- one last time I am going to

13   ask you to listen carefully because I am going to make

14   certain findings.  If you don't understand what I am saying,

15   let me know, and we'll stop, and I can explain it to you, or

16   I will try to explain it to you.

17              In the case of United States versus Andres Matias

18   Bermudez, the Court having questioned Mr. Bermudez and his

19   counsel on his offer to plead guilty to Count 1 of the

20   Information, which is a felony, they have advised the Court

21   that they have conferred concerning the offered plea of

22   guilty and all aspects of the charge against Mr. Bermudez

23   and any defenses that he may have and the Court having

24   observed Mr. Bermudez's intelligence, his demeanor, and

25   attitude while answering all the Court's questions, it's
```

1  clear to the Court that Mr. Bermudez does not appear to be

2  under the influence of any medicine, drug, or other

3  substance or factor that might affect his actions or

4  judgment in any manner.  So I find he is fully competent and

5  capable of entering an informed plea, he is aware of the

6  nature of the charges and the consequences to him of the

7  plea.  I further find that the plea is knowingly,

8  voluntarily, and intelligently made with a full

9  understanding of the nature of the charges, the consequences

10  to him of the plea, and his constitutional rights.

11          I further find that the plea is supported by

12  independent factual basis containing each of the essential

13  elements of the offense.

14          So I will accept the plea and order that the plea

15  be entered.

16          As I mentioned earlier, sir, there is going to be

17  a written presentence report that's going to be prepared.

18  You are going to be asked to provide information for that

19  report.  Your lawyer may be present with you if you wish.

20  You will have a chance to read it, file any objections, file

21  papers with the Court indicating what you all think the

22  right sentence should be, and then, at the time of your

23  sentencing, you will have a chance to speak with me directly

24  if you wish.

25          I am going to refer the matter over to the

```
 1  probation office.  The proposed date for sentencing is
 2  June 3rd, 2022, at 1:30 P.M.
 3          Does that date and time work for counsel?
 4          Ms. Kwok?
 5          MS. KWOK:  It does, Your Honor.
 6          THE COURT:  All right.
 7          Mr. Ellison?
 8          MR. ELLISON:  Yes, Your Honor.
 9          THE COURT:  So June 3rd, 2022, 1:30 P.M.  We're
10  going to vacate the jury trial date as it relates to
11  Mr. Bermudez.
12          Sir, you are ordered to appear on June 3rd for the
13  sentencing in this case without any further notice or order
14  of the Court.
15          If nothing further, you will be remanded back to
16  the custody of the U.S. Marshal pending your sentencing.
17          Anything further from the government?
18          MR. ELLISON:  No, Your Honor.  Thank you.
19          THE COURT:  Anything further, Ms. Kwok?
20          MS. KWOK:  No, Your Honor.  Thank you.
21          THE COURT:  Thank you, all.  Have a good rest of
22  your day.
23          And, Ms. Kwok, wonderful seeing you.
24          And, Mr. Ellison, not so bad seeing you either,
25  sir.
```

1          MR. ELLISON:  Thank you, Your Honor.

2          THE COURT:  Take care.

3          MS. KWOK:  Thank you, Your Honor.

4      (Proceedings concluded at 12:07 p.m.)

5                      --oOo--

```
 1                          CERTIFICATE

 2

 3       I hereby certify that pursuant to Section 753,

 4   Title 28, United States Code, the foregoing is a true and

 5   correct transcript of the stenographically reported

 6   proceedings held in the above-entitled matter and that the

 7   transcript page format is in conformance with the

 8   regulations of the Judicial Conference of the United States.

 9

10   Date:  November 8, 2022.

11

12

13

14              _/S/ CHIA MEI JUI_____

15              Chia Mei Jui, CSR No. 3287

16

17

18

19

20

21

22

23

24

25
```